FORET, Judge.
Plaintiff, Louisiana Pacific Corporation, filed a petition with the Louisiana Board of Tax Appeals asking the Board to set aside a tax assessment, covering the years 1976 and 1977, made by the State’s Department of Revenue and Taxation. The Board of Tax Appeals ruled in favor of the Department of Revenue and Taxation, and Louisiana Pacific appealed to the district court, which reversed the Board of Tax Appeals. The Collector of Revenue, defendant, appealed to this Court.
The sole issue on appeal is the correct manner of calculating the federal income tax deduction for a non-resident foreign corporation which filed a consolidated federal income tax return and which had net allocable income earned within or derived from sources within Louisiana and net ap-portionable income derived from sources within Louisiana.
FACTS
Louisiana Pacific Corporation (L-P), plaintiff, is a foreign corporation qualified to do and doing business in the State of Louisiana. During the years 1976 and 1977, L-P filed a consolidated federal income tax return along with other companies in the consolidated group. On April 24, 1981, the Department of Revenue and Taxation assessed L-P additional Louisiana income tax of $27,203 for 1976 and $55,784 for 1977, with interest until paid. On June 1, 1981, L-P filed a petition with Louisiana Board of Tax Appeals, asking the Board to set aside the assessments. L-P contended that the Department of Revenue had underestimated L-P’s deduction for federal income tax by $28,800 for 1976 and $366,-720 for 1977.
LOUISIANA PACIFIC’S DEDUCTION FOR FEDERAL INCOME TAX
The computation of L-P’s deduction on its Louisiana income tax return for federal income tax it has paid is complicated by its membership in a group filing a consolidated federal income tax return. As a member of such a group, L-P does not file a separate return. Rather, the consolidated group files a single consolidated return for all members in place of separate returns of each member. The tax liability which results from this method of filing approximates that which would result if the operations of the separate corporations had all been conducted by one single corporation. In general, operating losses of one corporation will offset operating profits of another corporation. For example, in 1976, L-P’s separate tax return showed that it had considerable ordinary income. This income, however, was offset by ordinary losses suffered by other members of the consolidated group and, as a result, the consolidated group paid no tax on ordinary income that year.
L-P is a non-resident, foreign corporation, and LSA-R.S. 47:241 provides, with respect to such a corporation, that the amount of federal income taxes deducted by such a corporation shall be that portion of total income tax which is levied with respect to particular income derived from sources in this State to be computed in accordance with the rules and regulations of the Collector of Revenue. One of the regulations authorized by this statute is Income Tax Regulation Art. 241.2 [1]
*218 The formula set forth in Art. 241.2 for the calculation of a foreign corporation’s federal deduction is:
Federal income tax liability calculated at special rates[2]
x Louisiana apportionable and allocable net income taxed at special rates[3] Federal income taxed at special rates
+
Federal income tax liability calculated at ordinary rates
x Louisiana apportionable and allocable net income taxed at ordinary rates[3] Federal net income taxed at ordinary rates
There appears to be no disagreement over the method at arriving at the two fractions which represent the percentage of the tax-paying corporation’s income which is apportionable or allocable to Louisiana. Both L-P and the Department of Taxation and Revenue agree that, with respect to income taxed at special rates, the fraction should be: L-P’s special rates income attributable to Louisiana (taken from L-P’s separate return)/L-P’s total special rates income (also taken from L-P’s separate return). Similarly, with respect to income taxed at ordinary rates, both parties agree that the fraction should be: L-P’s ordinary rates income attributable to Louisiana (taken from its separate return)/L-P’s total ordinary rates income (taken from its separate return). What is disputed is the method that should be used to arrive at the multiplicands, i.e., in the case of special rates income, L-P’s federal income tax liability calculated at special rates and, with respect to ordinary rates income, L-P’s federal income tax liability calculated at ordinary rates. j
The Department ¡ of Taxation and Revenue derived L-P’s federal income tax liability calculated at special rates by dividing L-P’s special rates income tax by the total special rates income tax of all profit companies in the consolidated group. Similarly, the State derived L-P’s federal income tax liability calculated at ordinary rates by dividing L-P’s ordinary rates income tax by the total ordinary rates income tax of all the profit companies in the consolidated group. This method, which the State used, does not conform with one of the Department’s own regulations. As already mentioned, L-P filed its federal income taxes as a member of a consolidated group and, as such, did not pay federal taxes as a separate entity. Rather, the consolidated group paid federal.income taxes on behalf of all the members of the group. This federal income tax paid by the consolidated group must be allocated to the separate companies which make up the consolidated group. The method for making this allocation for purposes of the deduction of federal taxes is set forth in Income Tax Regulation Art. 55.2, which is authorized by LSA-R.S. 47:55. Art. 55.2 provides in pertinent part:
“Where a corporation includes its net income in a consolidated Federal income tax return, the portion of the total consolidated tax attributable to such corporation shall be determined by allocating the tax of the consolidated group to the several members of the group on the basis of the percentage of the total tax which the tax of such member, as computed on a separate return, would bear to the total amount of taxes for all members of the group so computed. The Federal income tax of any corporation, calculated by applying the foregoing rule, cannot, under any circumstances, exceed the amount paid by such corporation.”
*219 The article clearly requires that the allocation be made based on the total tax of a member of the consolidation and the total amount for all members of the group. The State’s method of calculating L-P’s deduction ignored this requirement of Art. 55.2. The Department of Revenue and Taxation allocated the tax by separating it into special and ordinary income. In doing so, the Department failed to follow the dictates of Art. 55.2
The method put forth by L-P for allocating a portion of the consolidated group’s tax liability to L-P does conform with the requirement of Art. 55.2. This method calculates L-P’s federal income tax liability by dividing its total separate return federal income tax by the separate return tax of all profit companies in the consolidated group.
We agree with L-P’s method for allocating the federal tax liability of the consolidated group to the different members of that group. Nevertheless, this allocated federal tax must be separated into special rates and ordinary rates tax in order for the federal deduction to be calculated in accordance with Income Tax Regulation Art. 241.2. L-P would accomplish this by separating the allocated tax into ordinary and special tax according to the ratio which L-P’s tax of a particular character (ordinary or special) bore to its total separate return tax. This method of separating the allocated federal tax into special rates tax and ordinary rates tax is not authorized by the applicable statutes or regulations. Indeed, we feel that this method contravenes the intent of the law. Income Tax Regulation Art. 55.2, upon which L-P so heavily relies, provides for the allocation of the tax of the consolidated group. Clearly, what is being allocated is the tax of the consolidated group and not the separate tax liability of the members of the group. The allocation of the tax of the consolidated group should not change the nature of that tax insofar as it is tax calculated at special or ordinary rates. The percentage of that tax which is tax calculated at special rates and the percentage which is tax calculated at ordinary rates should remain the same. For example, if the tax of the consolidated group contains no tax calculated at ordinary rates, then there is no such tax to be allocated to the members of the group. It follows that the federal income tax liability of L-P calculated at special rates will be equal to the tax allocated to L-P by operation of Article 55.2 multiplied by that percentage of the tax of the consolidated group which was special rates tax. Likewise, the federal income tax liability of L-P calculated at ordinary rates will equal the tax allocated to L-P by operation of Article 55.2 multiplied by that percentage of the tax of the consolidated group which was ordinary rates tax.
Based on the foregoing discussion, the 1976 federal deduction of L-P is calculated as follows:

Since the consolidated group paid no tax at ordinary rates, all of the allocated tax was special rates tax and L-P’s federal income tax liability attributable to income taxed at ordinary rates is 0. Therefore, L-P’s total federal deduction for 1976 is $387,435.66.
L-P’s federal deduction for 1977 is calculated as follows:

*220

In order to determine what, if any, assessment is due the State of Louisiana from L-P. L-P’s tax liability for 1976 and 1977 must be recalculated using the amounts we have determined to be the federal deductions which L-P was entitled to for those years. The record, however, is inadequate to enable this Court to make this recalculation. Therefore, we will remand this case to the trial court for that purpose and for the reception of evidence necessary to that end.
For the foregoing reasons, the judgment of the trial court is reversed, and this case is remanded to the trial court for action consistent with this opinion.
Costs at the trial level and on appeal are assessed against defendant-appellant, Collector of Revenue.
REVERSED AND REMANDED.

. Art. 241.2 provides:
"ARTICLE 241.2. FEDERAL INCOME TAX DEDUCTION OF NON-RESIDENT INDIVIDUALS AND FOREIGN CORPORATIONS.
A. General. R.S. 47:241 permits nonresident individuals and foreign corporations to claim as a deduction in computing net income that portion of the total Federal income tax liability levied with respect to the Louisiana net income, which is applicable to the year for which the Louisiana return is filed, regardless of the method of accounting utilized.
B. Computations. The deductible portion of the Federal income tax liability, the tax attribut *216 able to Louisiana income, is the sum of the amounts determined in 1 and 2 below.
1. The deductible portion of Federal income tax attributable to Louisiana apportionable and allocable net income taxed at special rates is the result obtained by multiplying the Federal income tax liability which is calculated at special rates by a fraction, the numerator of which is Louisiana apportionable and allocable net income taxed at special rates and the denominator of which is Federal net income taxed at special rates.
2. The deductible portion of Federal income tax attributable to Louisiana apportionable and allocable net income taxed at ordinary rates is the result obtained by multiplying the Federal income tax liability which is calculated at ordinary rates by a fraction, the numerator of which is Louisiana apportionable and allocable net income taxed at ordinary rates and the denominator of which is Federal net income taxed at ordinary rates.
C. Numerator. The numerator to be used in B above shall be determined as set forth in parts 1 and 2 below.
1. The numerator in the case of Louisiana net income taxed by Federal at special rates is the sum of:
(a) the amount of net apportionable and net allocable income, of a character subject to tax at special rates for Federal income tax purposes, apportioned and allocated to Louisiana;
(b) any compensating item of income attributable to Louisiana and taxed by Federal at special rates but not taxed by Louisiana; and
(c) any compensating loss item of income, of a character which would be allowable by Federal in arriving a income taxed at special rates, attributed to and allowed by Louisiana but not allowed by Federal,
reduced by the sum of:
(d) any compensating item of income, of a character which would be subject to tax by Federal at special rates, attributed to and taxed by Louisiana but not taxed by Federal;
(e) any compensating loss item of income attributable to Louisiana and allowed by Federal in arriving at income taxed at special rates but not allowed by Louisiana; and
(f) any excess of the sum of
(i) any non-compensating loss item of income attributable to Louisiana and allowed by Federal in arriving at income taxed at special rates, but not allowed by Louisiana, and
(ii) any non-compensating item of income, of a character which would be subject to tax by Federal at special rates, attributed to and taxed by Louisiana but not taxed by Federal,
over
(iii) any non-compensating loss item of income, of a character which would be allowable in arriving at income taxed at special rates by Federal, attributed to and allowed by Louisiana but not allowed by Federal.
2. The numerator in the case of Louisiana net income taxed by Federal at ordinary rates is the sum of:
(a) the amount of net apportionable and net allocable income, of a character subject to tax at ordinary rates for Federal income tax purposes, apportioned and allocated to Louisiana;
(b) any compensating item of gross income attributable to Louisiana and taxed by Federal at ordinary rates but not taxed by Louisiana; and
(c) any compensating item of deduction, of a character which would be allowable by Federal in arriving at income taxed at ordinary rates, attributed to and allowed by Louisiana but not allowed by Federal, and not attributable to any item of gross income taxable by Louisiana but not by Federal;
reduced by the sum of:
(d) any compensating item of gross income, of a character which would be subject to tax by Federal at ordinary rates, attributed to and taxed by Louisiana but not taxed by Federal;
(e) any compensating item of deduction attributable to Louisiana and allowed by Federal in arriving at income taxed at ordinary rates but not allowed by Louisiana;
(†) any excess of the sum of:
(i) any non-compensating item of deduction attributable to Louisiana and allowed by Federal in arriving at income taxed at ordinary rates, but not allowed by Louisiana, and not attributable to any item of gross income taxable by Federal but not by Louisiana; and
(ii) any non-compensating item of gross income, of a character which would be subject to tax at ordinary rates, attributed to and taxed by Louisiana but not taxed by Federal;
over
(iii) any non-compensating item of deduction, of a character which would be allowable by Federal in arriving at income taxed at ordinary rates, attributed to and allowed by Louisiana but not allowed by Federal, and not attributable to any item of gross income taxable by Louisiana but not by Federal.
D. Definitions.
1. "Income taxed" means income included in taxable income, regardless of whether tax has been paid thereon.
2. "Item of deduction” means each individual deduction rather than each category of deduction, and includes loss items of gross income. For example, the amount of depreciation on a particular property, as distinguished from the amount of depreciation on all properties of the taxpayer, would be an item of deduction. Similarly, the term "item of income” means each amount of income rather than each category of income. The amount of a Louisiana item of income or deduction is the amount apportioned or allocated to Louisiana. Thus, where a taxpayer has a 10% apportionment ratio and has an item of deduction of $10,000 allowed by *217 Louisiana in arriving at apportionable net income but not allowed by Federal, the amount of the Louisiana item is 10% of $10,000 or $1,000.
3. "Non-compensating item” means any item of difference between Federal and Louisiana income or deductions for a particular year other than a compensating item as defined below.
4. "Compensating item" means any difference in any deduction or item of income for a particular year arising solely by reason of the fact that the item is accounted for in different periods for Federal and Louisiana income tax purposes. However, if a larger Federal income tax deduction would be allowable were an item treated as a compensating item than would be allowable were the item treated as a non-compensating item, the item is a compensating item only to the extent that it is equal to the result obtained by multiplying the difference in the item by a fraction determined as follows:
a. In the case of a deduction:
(i) the numerator shall be the excess, if any, of the amount of the item allowed by Federal over the amount allowed by Louisiana in each prior year in which the Federal allowance exceeded the Louisiana allowance and which has been taken into consideration fully in determining the allowable Federal income tax deduction for Louisiana income tax purposes for such prior years, plus the excess, if any, of the amount of the item to be allowed by Federal over the amount to be allowed by Louisiana in each future year in which the Federal allowance will exceed the Louisiana allowance and which reasonably can be expected to be taken into consideration in determining the allowable Federal income tax deduction for Louisiana income tax purposes in such future years;
(ii) the denominator shall be the total of all excesses of the amount of the item allowed by Federal over the amount of the item allowed by Louisiana in each prior year and of all excesses of the amount of the item to be allowed by Federal over the amount to be allowed by Louisiana in each future year.
b. In the case of an item of income:
(i) the numerator shall be the excess, if any, of the amount of the item taxed by Louisiana over the amount taxed by Federal in each prior year in which the amount taxed by Louisiana exceeded the amount taxed by Federal and which has been fully taken into consideration in determining the allowable Federal income tax deduction for Louisiana income tax purposes for such prior years, plus the excess, if any, of the amount of the item to be taxed by Louisiana over the amount to be taxed by Federal in each future year in which the amount to be taxed by Louisiana will exceed the amount to be taxed by Federal and which can reasonably be expected to be fully taken into consideration in determining the allowable Federal income tax deduction in such future years for Louisiana income tax purposes;
(ii) the denominator shall be the total of all excesses of the amount of the item taxed by Louisiana over the amount taxed by Federal in each prior year and of all excesses of the amount of the item to be taxable by Louisiana over the amount to be taxable by Federal in each future year.
5. The term “taken into consideration fully in determining the allowable Federal income tax deduction for Louisiana income tax purposes for ... prior years” as used in this Article means fully used in reducing the amount of the Federal income tax deduction for such prior years. The purpose of this provision is to allow an adjustment for an item which will increase the Federal income tax deduction only to the extent that adjustments applicable to the item in prior years were used to decrease the Federal income tax deduction. Similarly, the term “to be fully taken into consideration in determining the allowable Federal income tax deduction in ... future years for Louisiana income tax purposes” means to be used fully in reducing the amount of the Federal income tax deduction for such future years.
E. Special rules.
1. Where only 50 per cent of certain capital gains is taxed by Federal, only a corresponding portion of such gains shall be considered to be taxable by Louisiana. Thus, the excess of the 100 per cent of a particular capital gain taxed by Louisiana over the 50 per cent of the same gain taxed by Federal, represents income taxed by Louisiana and not by Federal.
2. The computations prescribed in paragraph B of this Article are subject to the rules provided in R.S. 47:92. That is, the computations can not have the effect of attributing refunds of Federal income tax which arose on account of conditions or transactions occurring after the close of the taxable year, to any year other than that in which arose the transactions or conditions giving rise to the refund. Accordingly, appropriate changes shall be made when necessary to attribute the refund to the proper year.

. Income taxed at special rates is income subject to capital gains tax. (our footnote)

. Other factors which make up the numerators are not pertinent to this discussion.